## MEMORANDUM DECISIONS

---

ADLER v. UNITED STATES. (Circuit Court of Appeals, Fifth Circuit. December 19. 1911. Rehearing denied January 11, 1912.) No. 2,183. In Error to the Circuit Court of the United States for the Eastern District of Louisiana. Gustave Lemle, Charles Rosen, Eugene D. Saunders, Lionel Adams, John P. Sullivan, and J. D. Rouse, for plaintiff in error. Charlton R. Beattie, U. S. Atty. (Louis H. Burns, Asst. U. S. Atty., on the brief), for the United States. Before McCORMICK and SHELBY Circuit Judges, and MAXEY, District Judge.

PER CURIAM. This is the second time that this case has been before this court. 182 Fed. 464, 104 C. C. A. 608. In the examination of the present record we have had the aid of extended argument and elaborate briefs relating to each assignment of error relied on. After a careful examination of the record and the authorities cited we have reached the conclusion that the record is without error such as would entitle the accused to a new trial. It follows that the judgment of the Circuit Court must be affirmed.

---

AMARILLO GAS CO. v. FOWLER et al.† (Circuit Court of Appeals, Fifth Circuit. December 11, 1911.) No. 2,277. In Error to the Circuit Court of the United States for the Northern District of Texas. C. B. Reeder, for plaintiff in error. R. R. Hazlewood and Ben H. Stone, for defendants in error. Before PARDEE and SHELBY, Circuit Judges, and GRUBB, District Judge.

PER CURIAM. A majority of the judges being of opinion that none of the assignments of error are well taken, the judgment of the Circuit Court is affirmed.

---

ARMOUR CAR LINES v. CAMPBELL & URQUHART. (Circuit Court of Appeals, Fifth Circuit. January 9, 1912.) No. 2,204. In Error to the Circuit Court of the United States for the Western District of Texas. Charles W. Ogden, F. West, and S. J. Brooks, for plaintiff in error. William Aubrey, for defendant in error. Before PARDEE and SHELBY, Circuit Judges, and GRUBB, District Judge.

PER CURIAM. A majority of the judges being of opinion that this case was correctly ruled in the court below, the same is affirmed.